UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESC-TOY LTD., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-00726-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| SONY INTERACTIVE ENTERTAINMENT ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant Sony Interactive Entertainment LLC's ("Defendant's") Motion to Change Venue, (ECF No. 62). Plaintiff ESC-Toy Ltd. ("Plaintiff") filed a Response, (ECF No. 72), and Defendant filed a Reply, (ECF No. 83). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Change Venue.

**I.     BACKGROUND**

This case arises out of an alleged breach of contract between the parties. (*See generally* Compl., ECF No. 1). Plaintiff is a Nevada corporation providing collectible merchandising works in the gaming and entertainment industries. (*Id.* ¶ 1). Defendant, a subsidiary of Sony Corporation of America, is a California limited liability company that develops interactive and digital entertainment, as well as performs research, development, and sales relating to PlayStation videogames, accessories, and online services. (*Id.* ¶ 2); (Mot. Change Venue ("MCV") 2:14–17, ECF No. 62). In January 2014, the parties executed a Merchandise License Agreement ("MLA"), which is a written agreement.[1] (MLA, Ex. A to Hottinger Decl., ECF No.

---

[1] The MLA was originally set to expire on December 31, 2015, but the agreement was renewed until July 31, 2019. (*See* MLA, Ex. A to Hottinger Decl., ECF No. 45); (Second MLA Amendment, Ex. C to Khachatourian Decl., ECF No. 32).

45). The MLA, and its accompanying Merchandise Schedule, gave Plaintiff a non-exclusive license to design, manufacture, and sell merchandise, such as collectible pins and lanyards, for various PlayStation videogames. (*See id.*); (Compl. ¶¶ 42–45). The MLA contains a forum selection clause, stating: "Any action or proceeding brought to enforce the terms of this agreement or a Merchandise Schedule or to adjudicate any dispute arising under this agreement must be heard in the courts of San Mateo County, California, or the Northern District of California." (MLA ¶ 16.7, Ex. A to Hottinger Decl.).

Plaintiff asserts that on October 2, 2017, the parties orally entered into another agreement, termed the Exclusive Vendor Agreement ("EVA"). (Compl. ¶ 74). Under the EVA, Plaintiff would be the exclusive vendor providing collectible pins to Defendant; Defendant would include these pins with videogame pre-orders as a promotion to incentivize sales for PlayStation videogames. (*Id.* ¶¶ 59–74). Plaintiff alleges that the EVA is a new oral contract, separate from the MLA. (Pl. Resp. to MCV 1:4–10, ECF No. 72). Defendant counters that the EVA is an impermissible oral modification of the MLA. (MCV 6:4–10). In any case, Plaintiff claims that Defendant breached the terms of the EVA by not using Plaintiff to provide the collectible pins, in violation of the EVA's alleged exclusivity provision. (Compl. ¶ 105).

Plaintiff filed its Complaint on April 22, 2020, bringing the following causes of action against Defendant: (1) breach of oral contract; (2) unjust enrichment; (3) breach of the implied covenant of good faith and fair dealing; and (4) breach of written contract. (Compl. ¶¶ 102–128). On August 18, 2020, Defendant filed the instant Motion to Change Venue, (ECF No. 62), alleging that the MLA's forum selection clause applies to this action, and thus, the case should be transferred to the Northern District of California. (MCV 1:17–2:12).

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." *See* 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988)). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co., Inc.*, *v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 63 (2013) (quoting 28 U.S.C. § 1404(a)).

However, the analysis changes when the contract at issue contains a valid forum selection clause representing "the parties' agreement as to the most proper forum." *See id.* (quoting *Stewart*, 487 U.S. at 31). Forum selection clauses are "presumptively valid." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). "Because a valid forum selection clause is bargained for by the parties and embodies their expectations as to where disputes will be resolved, it should be 'given controlling weight in all but the most exceptional cases.'" *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 60).

Accordingly, while a motion under § 1404(a) is the proper vehicle to enforce a valid forum selection clause, the district court's § 1404(a) analysis changes in three ways. *See Atl. Marine Const. Co., Inc.*, 571 U.S. at 59. "First, the plaintiff's choice of forum merits no weight." *Id.* at 63. "Second, [the Court] . . . should not consider arguments about the parties' private interests." *Id.* at 64. The Court "may consider arguments about public-interest factors only." *Id.* Nonetheless, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, § 1404(a) transfer of venue will not carry with it the original

venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 64–65.  "The party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1*, 552 F.3d at 1083 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)).

### III. DISCUSSION

#### A. Motion to Change Venue

Defendant puts forth two arguments in support of its request to transfer this case to the Northern District of California: (1) Plaintiff's claims fall within the scope of the MLA and are therefore subject to the MLA's forum selection clause; or in the alternative: (2) an analysis of the convenience and fairness factors found in *Jones* still favors transfer. *See* 211 F.3d at 498; (MCV 5:26); (Reply to MCV 5: 17–18, ECF No. 83).  Below, the Court will address each argument in turn.

#### 1. The MLA's Forum Selection Clause

In the present case, the parties entered into an agreement, the MLA, containing a forum selection clause, which the Court presumes valid. *Doe 1*, 552 F.3d at 1083.  The clause provides: "Any action or proceeding brought to enforce the terms of this agreement or a Merchandise Schedule or to adjudicate any dispute arising under this agreement must be heard in the courts of San Mateo County, California, or the Northern District of California." (MLA ¶ 16.7, Ex. A to Hottinger Decl.).

However, Plaintiff claims that the forum selection clause of the MLA does not apply to this action because the contract that Defendant allegedly breached, the EVA, is separate from the MLA, and thus, the MLA's provisions do not govern this dispute. (Pl. Resp. to MCV 1:4–10).  In contrast, Defendant posits that the MLA's forum selection clause does apply to this action because the EVA is merely a modification of the MLA, and thus, the MLA's provisions

govern this dispute.² (MCV 6:4–10). Accordingly, the Court will first determine whether the MLA's forum selection clause governs this dispute.

An analysis of a forum selection clause begins with an examination of its wording to determine the scope. In general, forum selection clauses covering disputes "arising under" or "stemming from" the agreement are interpreted narrowly, while forum selection clauses containing language such as "arising out of or relating to" the agreement are interpreted more broadly. *See Rey v. Rey*, 666 Fed. Appx. 675, 676 (9th Cir. 2016); ("stemming from"); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983) ("arising under"); *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011*)* ("arising out of or relating to"). In this case, the MLA's forum selection clause utilizes only the "arising under" language, meaning that the forum selection clause is narrow in scope. (*See* MLA ¶ 16.7, Ex. A to Hottinger Decl.).

"A narrow forum selection clause covers claims that cannot be adjudicated without analyzing whether the parties were in compliance" with the agreement containing the clause. *Rey,* 666 Fed. Appx. at 676 (quoting *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988)). This narrow scope extends to disputes and controversies "relating to the interpretation and performance of the contract itself." *Mediterranean Enters.,* 708 F.2d at 1464. In sum, a narrow forum selection clause applies when the resolution of the Plaintiff's claims requires examination of the agreement containing the clause. *See, e.g.*, *Rey*, 666 Fed. Appx. at 676 (finding the forum selection clause inapplicable because "the court does not necessarily need to examine [the Agreement] to resolve [Plaintiff's] claims"). ³

---

[2] The parties do not dispute that this case could have been brought in the Northern District of California under 28 U.S.C. § 1391(b).

[3] Broad forum selection clauses, such as those containing language like "arising out of and relating to" apply not only to contractual claims, but also to related statutory or tort claims. *Yan Guo v. Kyani, Inc.*, 311 F.Supp.3d 1130, 1139 (C.D. Cal. 2018) (citing *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011*); LaCross v. Knight Transp., Inc.*, 95 F.Supp.3d 1199, 1207 (C.D. Cal. 2015)).

Here, the MLA's narrow forum selection clause favors transfer because Plaintiff's claims require the Court to examine the scope of the MLA. The threshold issue in this case is whether the EVA is a separate contract or a modification of the MLA. For example, the EVA and MLA cover seemingly identical subject matter: Plaintiff's production of collectible pins for Defendant's videogames. (*See* MLA ¶ 16.7, Ex. A to Hottinger Decl.); (Compl. ¶¶ 72–74). The EVA could be construed as simply a modification of the MLA's Merchandise Schedule, adding an exclusivity term and covering additional videogames, or it could be construed as a completely separate contract, distinct from the MLA's non-exclusivity and subject matter. [4] Regardless, to resolve this dispute, the Court will need to interpret the MLA by analyzing its terms, as well as its general purpose and effect. *See, e.g.*, *Eluschuck v. Chem. Engineers Termite Control, Inc.*, 246 Cal.App.2d 463, 469 (Cal. Ct. App. Nov. 15, 1966) ("An alteration is a modification or change in one or more respects which introduces new elements into the details of the contract, or cancels some of them, but leaves the general purpose and effect undisturbed."). *See also Rey*, 66 Fed. Appx. at 676; *Mediterranean Enters.*, 708 F.2d at 1464. As such, resolution of Plaintiff's claims requires an examination of the MLA, and therefore, its forum selection clause applies to this case. *C.f. Morse v. Ten X Holdings, LLC*, No. 2:17-cv-00072-JAD-WH, 2017 WL 4079264, at *4 (D. Nev. Sept. 13, 2017) (transferring venue under a narrow forum selection clause when "the court will have to examine and interpret the contracts" to determine whether an unjust enrichment claim could proceed); *Infinite Financial Solutions, Inc. v. Strukmyer, LLC*, No., 2014 WL 12598866, at *4 (D. Nev. Jan. 28, 2014) (transferring venue when the applicability and validity of the contract containing the forum

---

[4] The MLA's Merchandise Schedule gives a non-exclusive license to Plaintiff relating to eleven PlayStation videogames. (*See* Second MLA Amendment, Ex. C to Khachatourian Decl.). The EVA allegedly gives Plaintiff an exclusive license relating to twenty-five PlayStation videogames, including the eleven from the MLA. (Compl. ¶ 72, ECF No. 1).

selection clause was at issue; "the court does not need to, nor should it, reach the merits of the underlying action . . . in evaluating the motion").

To avoid the MLA's forum selection clause Plaintiff has a "heavy burden" to establish a basis on which the Court will find it unenforceable. *See Doe 1*, 552 F.3d at 1083. To satisfy this burden, Plaintiff must establish that the public-interest factors overwhelmingly disfavor transfer. *Id.* The public-interest factors include "the administrative difficulties flowing from court congestion"; "the 'local interest in having localized controversies decided at home'"; "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; "the avoidance of unnecessary problems in conflicts of laws"; and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

While Plaintiff addresses most[5] of these public interest factors, Plaintiff does not meet its heavy burden to establish exceptional circumstances worthy of defeating the bargained-for forum selection clause. First, Plaintiff disregards the administrative difficulties of court congestion, pointing out that "'the Court should not transfer a case on the basis of docket congestion after determining the balance of the other factors weighs against transfer.'" (Resp. to MCV 20:13–22, ECF No. 72 (citing *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1196 (S.D. Cal. 2007)). However, the Court is transferring this case based on the presence of a valid forum selection clause, not because of docket congestion. In fact, the Court is only considering congestion as an opportunity for Plaintiff to meet its burden to disfavor transfer. *See Piper Aircraft*, 454 U.S. at 241 n.6. However, Plaintiff does not assert that the Northern District of California's docket is more congested than the District of Nevada's. To the contrary, as Defendant points out, the District of Nevada's docket is far more

---

[5] Plaintiff does not address the burdens of jury duty.

congested than the Northern District of California's, and thus, this factor does not aid Plaintiff in meeting its heavy burden to show that the forum selection clause is unenforceable.[6]

Further, Plaintiff claims that it has a localized interest in the dispute because the controversy arises out of conduct taking place within the District of Nevada. (Resp. to MCV 19:8–27).  However, as a California corporation located within the Northern District of California, Defendant similarly asserts that the dispute arises out of conduct taking place in California. (*See* MCV 9:24–10:7); (Reply to MCV 8:16–9:5, ECF No. 83).  Therefore, while Plaintiff certainly has a localized interest, the Court finds that this factor alone, coupled with Defendant's local ties to the Northern District of California, does not create a strong enough showing in favor of disregarding the forum selection clause.

Finally, the parties dispute the governing law that applies to this case.  Plaintiff claims that Nevada law prevails, after applying Nevada's "substantial relationship" test for determining which state's law applies to the EVA. (Resp. to MCV 12:20–25 (citing *Contreras v. Am. Family Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1218 (D. Nev. 2015)).[7]  Conversely, Defendants claim that California law applies because the choice of law clause in the MLA designates California law as governing. (*See* MCV 10:9–16); (MLA ¶ 16.7, Ex. A to Hottinger Decl.).  Accordingly, a decision on the governing law is inextricably linked to the merits of this case, specifically to a determination of whether the EVA is a separate contract or a modification of the MLA.[8]  Therefore, because the governing law in this case is reasonably in

---

[6] Defendant explains that as of March 31, 2020, the District of Nevada had 707 pending cases dispersed amongst seven judgeships. (MCV 9:9–21, ECF No. 62 (citing U.S. District Court–Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf)).  The Northern District of California had 722 pending cases, but dispersed amongst fourteen judgeships. (*Id.*).

[7] The Court also notes that after a § 1404(a) transfer based on the MLA's valid forum selection clause, California's choice-of-law rules will apply, which Plaintiff did not discuss. *See Atl. Marine Const. Co., Inc., v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 64–65 (2013).

[8] Further, the MLA requires that any modification be evidenced by a signed writing. (MLA ¶ 16.4, Ex. A to Hottinger Decl., ECF No. 45).  If the Court determines that the EVA is a modification of the MLA, then

dispute, Plaintiff cannot establish the exceptional circumstances required to avoid the forum selection clause. Thus, the Court grants Defendant's Motion to Change Venue.

### 2. Convenience of the Parties and the Interests of Justice

Because the MLA's forum selection clause applies to this dispute and necessitates transfer, the Court need not address Defendant's second argument: whether the *Jones* factors favor transfer based on the convenience of the parties and the interests of justice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Change Venue, (ECF No. 62), is **GRANTED**. The Clerk of Court is directed to **TRANSFER THIS CASE** to the Northern District of California, San Francisco Division under 28 U.S.C. § 1404(a) and close this case.

**DATED** this __28__ day of January, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

Defendant argues that the oral agreement claimed by Plaintiff is invalid because the MLA can only be modified by a signed writing. (*See* MTD 2:26–3:2, ECF No. 27).