Sterling Arthur Brennan (SBN 126019)
  E-Mail: sbrennan@mabr.com
Robert T. Stewart (SBN 330308)
  E-Mail: rstewart@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

David R. Wright (*Pro Hac Vice* admitted)
  E-Mail: dwright@mabr.com
Maren Laurence (*Pro Hac Vice* admitted)
  Email: mlaurence@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1631

Attorneys for Plaintiff, ESC-Toy Ltd.

Karineh Khachatourian (SBN 202634)
  karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
  nikolaus.woloszczuk@rimonlaw.com
Oren J. Torten (SBN 332720)
  oren.torten@rimonlaw.com
RIMON, P.C.
2445 Faber Place, Suite 250
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendant,
Sony Interactive Entertainment LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESC-TOY LTD., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC, a California limited liability company,<br><br>Defendant. | Case No. 3:21-cv-00778-EMC<br><br>**JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT PURSUANT TO FED. R. CIV. P. 16**<br><br>Date: Thursday, September 7, 2021<br>Time: 2:30 pm<br>Dept.: Courtroom 5, 17th Floor<br>District Judge: Hon. Edward M. Chen |

Plaintiff ESC-Toy Ltd. ("Plaintiff" or "ESC"), by and through counsel Robert T. Stewart, and Defendant Sony Interactive Entertainment LLC ("Defendant" or "SIE"), by and through counsel Karineh Khachatourian, jointly submit this Joint Subsequent Case Management Statement pursuant to Civil Local Rule 16-9 and 16-10. This Subsequent Joint Case Management Statement complies with Civil Local Rule 16-10(d), reporting the progress or changes since the last statement and making proposals for the remainder of the case development process. *See also* Joint Case Management Statement, Dkt. No. 125 (May 6, 2021).  For the reasons discussed below, the parties jointly request that the mediation deadline be extended approximately eight weeks and that the case management conference be rescheduled for a time convenient for the Court after November 10, 2021. ESC represents that the parties are currently working to reach a written stipulation to extend the mediation deadline, which ESC anticipates filing soon with the Court.

1. **Jurisdiction and Service:**

   No update at this time.

2. **Facts:**

   No update at this time.

3. **Legal Issues:**

   No update at this time.

4. **Motions:**

   The Court denied SIE's motion to dismiss on July 27, 2021, and on May 13, 2021, SIE advised the Court that the motion to strike the Shelley Gayner declaration was moot in light of transfer of the case from the District of Nevada.  However, SIE represents that SIE's motion to strike ESC's allegations in the Complaint regarding dismissed defendant Insomniac Games, Inc. is still pending.

5. **Amendment of Pleadings:**

   The deadline to amend pleadings has passed and the parties have not added additional parties, claims, or defenses. SIE answered ESC's Complaint on August 24, 2021.

**6.   Evidence Preservation:**

No update at this time.

**7.   Disclosures:**

Initial disclosures were due on June 3, 2021. ESC represents that it served its initial disclosures on June 3, 2021, and SIE represents that it served its initial disclosures on June 3, 2021.

**8.   Discovery:**

**A.   Discovery Taken to Date**

ESC's Statement

After SIE agreed on July 29, 2021, to ESC's proposal to mediate with Judge Guilford on August 26, 2021—a proposal that ESC made to SIE on July 6, 2021—ESC served SIE with a letter on August 13, 2021, requesting informal discovery from SIE in preparation for mediation. ESC's informal discovery requests asked for information and documents related to SIE's alleged breach of the Exclusive Vendor Agreement and the PlayStation Pin Program and related correspondence. The parties conducted a telephonic meet-and-confer about ESC's informal discovery requests on August 18, 2021, wherein SIE stated that it would be burdensome and timely for SIE to respond to some of the requests and that some of the requests are overbroad. SIE proposed that the parties continue mediation (which at that time was scheduled for September 7, 2021) to a later date due to the discovery issue. ESC intends raising the discovery issue with either the mediator or a private discovery referee — depending on what the parties agree to, as further discussed below. ESC understands that, at the last case management conference, the Court authorized the mediator to decide discovery disputes, as is stated in the Court's minute order and hearing transcript for that conference.

ESC also served its first set of interrogatories and first set of requests for production on August 4, 2020, before the case was stayed in the District of Nevada

(pending a ruling on the motions to transfer and dismiss). SIE has not substantively responded to this formal discovery.

SIE has not served discovery on ESC.

SIE's Statement

SIE anticipates generally needing information and documents for mediation regarding the following:

- ESC's allegation that ESC and SIE entered into an enforceable oral or written agreement regarding the alleged PlayStation Pin Program.
- The specific terms of the alleged oral or written agreement regarding the alleged PlayStation Pin Program.
- ESC's allegation that SIE somehow breached an alleged oral or written agreement regarding the alleged PlayStation Pin Program.
- ESC's allegation that it is entitled to damages from SIE and the amount of the alleged damages.
- Efforts by ESC to create a pin program and sales for pins for companies other than SIE during the relevant time period.
- ESC's alleged efforts to perform including hours ESC claims to have spent.
- ESC's allegation that the pin program was new and innovative.

SIE intends to further define and address its specific requests for information and documents with ESC as part of the anticipated meet and confer process.

As explained in more detail below, ESC did not send its discovery requests until after the parties agreed to the September 7, 2021 mediation date, at which time the parties agreed that, given the scope of the requests, the September 7 date would not be feasible. Moreover, ESC has neither proposed an ESI stipulation nor a protective order in this case, adding an additional layer of complexity to the process given the scope of its requests. Lastly, as discussed below, SIE disagrees with ESC's understanding that the mediator can resolve discovery disputes.

**B.     Scope of Anticipated Discovery**

ESC's Statement

No significant updates at this time. ESC seeks documents and information related to the PlayStation Pin Program, SIE's historical use of pins, SIE's financials related to the PlayStation Pin Program, SIE's marketing materials, SIE's internal documents and communications related to the PlayStation Pin Program, including presentations regarding the program, SIE's analysis of the PlayStation Pin Program and the use of pins generally, and other relevant issues related to ESC claims.

SIE's Statement

As identified above, SIE seeks categories of information necessary to facilitate mediation, including but not limited, to ESC's alleged pin program, its origins, and information to substantiate its contract and damages claims.

**C.     Proposed Limitations or Modifications of the Discovery Rules**

  i.     **Service:** No update at this time.

  ii.    **Electronic Discovery:** There is no ESI stipulation in place and the parties have not discussed ESI in any specific detail.

  iii.   **Protective Order:**

ESC's Statement

SIE informed ESC that SIE needed a stipulated protective order before producing certain information. To date, ESC has not received a proposed protective order from SIE.

SIE's Statement

ESC originally took the position that it sent SIE a proposedprotective order on May 14, 2021 Now ESC alleges its SIE's burden to circulate a protective order in this case. ESC sent Insomniac Games, Inc. ("Insomniac") a draft protective order on May 14, 2021, in connection with the separate and unrelated litigation pending in the Central District of California. *See, e.g.*, *ES-Toy LTD. v. Insomniac Games, Inc.*, Civ. No. 2:21-cv-02139-JVS-GJS (C.D. Cal.). On August 4, 2021, SIE raised the issue that there was no

4

Case No. 3:21-cv-00778-EMC        Subsequent Joint Case Management Statement

protective order in this case and asked if ESC was agreeable to adding confidentiality terms to the draft mediation agreement with Judge Andrew Guilford of Judicate West. ESC responded the same day that it was open to such confidentiality terms and did not point to any draft protective order in this case.  Further, during the parties' August 18, 2021 meet and confer, SIE reminded ESC that there was not yet a protective order in place, which ESC did not dispute, nor did ESC claim that it had already sent SIE a draft. Instead, ESC indicated that going forward it wished to negotiate the terms of a protective order based on the draft it had previously sent Insomniac, and the parties discussed potential revisions to that draft.

        iv.        **Federal R. Evid. 502 Agreement:** No update at this time.

        v.        **Identified Discovery Disputes:** ESC served SIE with a letter on August 13, 2021, requesting informal discovery from SIE in preparation for mediation. The informal discovery requests asked for information and documents related to SIE's alleged breach of the Exclusive Vendor Agreement and the PlayStation Pin Program and related correspondence. At SIE's request, the parties conducted a telephonic meet-and-confer about ESC's informal discovery requests on August 18, 2021, wherein SIE stated that it would be burdensome and time consuming for SIE to respond to some of the requests and that some of the requests are overbroad. SIE proposed that the parties continue mediation (which at that time was scheduled for September 7, 2021) to a later date due to the discovery issue. ESC intends raising the discovery issue with either the mediator or a private discovery referee — depending on what the parties agree to. In light of this discovery issue, the parties are currently discussing stipulating to continue the time to conduct the mediation.  SIE states that the parties have not yet completed its meet and confer on discovery issues and therefore, discussion of discovery dispute resolution is premature.  Nonetheless, SIE disagrees with ESC's interpretation of the Court's order as discussed below.  However, SIE will continue to meet and confer with ESC globally on both parties' discovery requests and address dispute resolution when appropriate.

9. **Class Actions:**

   No update at this time.

10. **Related Cases:**

    No update at this time.

11. **Relief:**

    No update at this time.

12. **Settlement and ADR:**

    ESC's Statement:  The parties have agreed to mediation with Judge Andrew Guilford (Ret.) of Judicate West.  However, the date of the mediation is still uncertain.  On July 29, 2021, SIE agreed to ESC's proposal (made on July 6, 2021) to conduct the mediation on August 26, 2021, with Judge Guilford.  Then, on August 10, 2021, SIE proposed that the mediation be continued to either September 7, 8, or 9, 2021.  SIE's stated reason for the continuation was that "[t]he August 26th date has proven problematic and SIE and Insomniac would like additional time to prepare in advance of the mediation given the vacation schedules of various individuals on the team throughout August."  On August 11, 2021, ESC agreed to SIE's proposal to mediate on September 7, 2021.  SIE then told the mediator's office on August 11, 2021, that the parties agreed to mediate on September 7, 2021.  On August 16, 2021, SIE requested a telephonic meet-and-confer to discuss ESC's informal discovery request letter, which had been served on August 13, 2021.  The parties conducted the meet-and-confer on August 18, 2021.  During the meet-and-confer, SIE informed ESC that the September 7 mediation date was not feasible for SIE in light of ESC's informal discovery requests.  During the meet-and-confer, SIE also proposed that the parties use someone other than the mediator to resolve discovery disputes, and SIE said this proposal was intended to preserve the mediator's impartiality.  On August 19, 2021, SIE told ESC that the September 7 mediation date was not feasible for SIE.

1     The parties are currently discussing rescheduling the mediation with Judge Guilford for November 1, 2021 (a date that is currently available with Judge Guilford and that ESC is agreeable to), and if an agreement is reached on that issue, then the parties will submit a stipulation for the Court's review.  The parties are also discussing SIE's proposal to use someone other than the mediator to resolve discovery disputes, and if an agreement is reached on that issue, then the parties will submit a stipulation for the Court's review.

    ESC understands that, at the last case management conference, the Court authorized the mediator to decide discovery disputes, as is stated in the Court's minute order and hearing transcript for that conference.

SIE's Statement

    The parties began discussing mediation on July 6, 2021.  After ESC rejected SIE's proposed mediators, on July 26, 2021, the parties agreed to mediate before the Honorable Judge Guilford, ESC's proposed mediator and selected August 26, 2021 as the mediation date.  When SIE agreed to the August 26, 2021 mediation date, ESC had not requested any discovery.  When SIE requested that the mediation date be moved to September 7, 2021, ESC had not requested any discovery.  It was only after the parties agreed to the September 7, 2021 date that ESC sent its mediation discovery requests.  Given the scope of those requests, including the potential implication of third-party confidential information, production of ESI, and the lack of a protective order, mediation could not feasibly occur either on August 27, 2021 or September 7, 2021.  SIE reached out to ESC the very next day after receiving its discovery requests to discuss the matter and the feasibility of mediation on September 7.  ESC agreed that in light of the discovery requested, the September 7 date was not feasible.   During that call, ESC took the position that the mediator was empowered to act as a discovery referee in this matter.  When agreeing to private mediation at the May 13, 2021 Initial Case Management Conference, SIE understood that this Court expected the parties to work together towards

1  an exchange of information reasonably necessary to facilitate the mediation, including
2  seeking the mediator's *input* on the scope of information to be exchanged to help resolve
3  any disputes informally. ECF 128. But SIE did not understand that this Court sought to
4  grant the mediator binding authority to resolve any disputes over the exchange of
5  information for the mediation, nor has SIE ever consented to such an appointment.
6  Indeed, the minutes from the Initial CMC instruct that "[i]f the parties have dispute, they
7  are to file a joint letter to the Court according to the Court's standing order." *Id.* As
8  explained to ESC, giving the mediator the authority to resolve discovery disputes would
9  undermine the mediator as a neutral, and could ultimately effect the parties' perception of
10 impartiality. SIE reminded ESC that the parties are to follow the Court's standing order
11 on discovery disputes. SIE did not request a discovery referee nor did ESC raise this
12 issue with SIE during meet and confer. To the contrary, ESC agreed that the mediator
13 should remain impartial and should not have the authority to resolve the parties'
14 discovery disputes. Further, if ESC wanted this Court to appoint a special master over
15 discovery for the mediation, the process for doing so is set forth by Fed. R. Civ. P. 53,
16 which has not been followed.

17 **13.  Consent to Magistrate Judge for all Purposes:**
18      No update at this time.
19 **14.  Other References:**
20      No update at this time.
21 **15.  Narrowing of Issues:**
22      No update at this time.
23 **16.  Expedited Trial Procedure:**
24      No update at this time.
25 **17.  Scheduling:**

In the Parties' Stipulated Order to Set Certain Case Deadlines (Dkt. No. 134) and the Court's Order following the Case Management Conference (Dkt. No. 128), the Court set the following deadlines in the matter:

| Event | Defendant's Proposed Date |
|---|---|
| Amending the Pleadings and Adding the Parties | July 29, 2021 |
| Non-Expert Discovery Cut-Off | April 1, 2022 |
| Fed. R. Civ. P. 26(a)(2) Disclosures (Experts) | April 29, 2022 |
| Rebuttal Expert Disclosure | May 27, 2022 |
| Expert Discovery Cut-Off | June 8, 2022 |
| File Dispositive Motion | June 23, 2022 |
| Hear Dispositive Motions | July 28, 2022 |
| Meet and Confer | August 30, 2022 |
| Joint Pretrial Conference Statement/trial briefs | September 20, 2022 |
| Objections | September 30, 2022 |
| Pretrial Conference | October 11, 2022, at 2:30 pm |
| Trial | November 7, 2022, at 8:30 am |

The Parties anticipate filing a stipulated motion to extend time to complete mediation.

**18.   Trial:**

No update at this time.

**19.   Disclosure of Non-party Interested Entities or Persons:**

No update at this time.

**20.   Professional Conduct**

No update at this time.

**21.   Other Matters**

No update at this time.

DATED: August 31, 2021                MASCHOFF BRENNAN

By:  */s/Robert T. Stewart*
     David R. Wright
     Sterling A. Brennan
     Robert T. Stewart
     Maren Laurence

     Attorneys for Plaintiff ESC-Toy Ltd.

DATED: August 31, 2021                RIMON LAW

By:  */s/Karineh Khachatourian*
     Karineh Khachatourian
     Nikolaus A. Woloszczuk
     Oren J. Torten

     Attorneys for Defendant Sony Interactive Entertainment, LLC

**FILER'S ATTESTATION**

I, Robert T. Stewart am the ECF user whose ID and password were used to file this Joint Subsequent Case Management Statement. Pursuant to L.R. 5-4.3.4(a)(2), I hereby attest that counsel for Defendants concurred in the filing of this document.

Executed on August 31, 2021.

*/s/ Robert T. Stewart*