RIMON, P.C.
Karineh Khachatourian (SBN 202634)
karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
nikolaus.woloszczuk@rimonlaw.com
Oren J. Torten (SBN 332720)
oren.torten@rimonlaw.com
2445 Faber Place, Suite 250
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendant,
Sony Interactive Entertainment LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ESC-TOY LTD., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC, a California limited liability company,<br><br>　　　　　Defendant. | Case No. 3:21-cv-00778-EMC<br><br>**DEFENDANT SONY INTERACTIVE ENTERTAINMENT, LLC'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION REGARDING ORDER [DKT. NO. 197] GRANTING FOLEY & LARDNER'S MOTION TO WITHDRAW [DKT. NO. 196]**<br><br>Judge:　Hon. Edward M. Chen<br>Date:　　May 12, 2022<br>Time:　　1:30 p.m.<br>Dept.:　　Courtroom 5 – 17th Floor |

**NOTICE OF MOTION AND MOTION**

To Plaintiff ESC Toys Ltd.'s ("ESC") attorneys at the law firm Foley & Lardner ("Foley") and its ESC's counsel of record:

PLEASE TAKE NOTICE that on May 12, 2022 at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 5 – 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, Defendant Sony Interactive Entertainment, LLC ("SIE") will and hereby does move the Court for clarification of Order [Dkt. No. 197] granting Foley & Lardner's Motion To Withdraw [Dkt. No. 196].

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; all other materials supporting the Motion or the Reply brief filed in support thereof; all pleadings on file in this matter or any of the related cases; and any other materials or arguments the Court may receive or consider at or before the hearing on this Motion.

Dated: April 7, 2022

Respectfully submitted,

RIMON, P.C.

By: /s/ *Karineh Khachatourian*
Karineh Khachatourian
Nikolaus A. Woloszczuk
Oren J. Torten

Attorneys for Defendant,
Sony Interactive Entertainment LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

On April 1, 2022 Plaintiff ESC Toys Ltd.'s ("ESC") attorneys at the law firm Foley & Lardner ("Foley") moved to withdraw as counsel of record. Dkt. No. 196 ("Mot."). What the Foley attorneys failed to state in their motion was that Defendant Sony Interactive Entertainment, LLC ("SIE") opposed Foley's withdrawal unless it included certain conditions to ensure that SIE will not suffer prejudice. This Court granted Foley's motion before SIE had an opportunity to respond and request those conditions of withdrawal. SIE now respectfully requests that this Court clarify its order and impose certain conditions of withdrawal on Foley.[1] Foley has been served with this motion.

Maschoff Brennan advised SIE on or around March 15, 2022 that the Foley attorneys intended to seek this Court's permission to withdraw as counsel of record. Declaration of Karineh Khachatourian ("KK Decl."), Ex. 1. SIE immediately informed the Foley attorneys and Maschoff Brennan that SIE would seek conditions on their withdrawal in order to protect SIE's confidential information and to ensure that this Court would have ancillary jurisdiction over Foley for any later motion practice over fees, costs, Rule 11 violations, and/or other appropriate remedies or sanctions. *Id.* These conditions were substantively identical to those agreed to in the stipulation entered into by ESC's former Nevada counsel at the law firm Holley Driggs upon their withdrawal (Dkt. No. 182), and which this Court entered as an Order. Dkt. No. 184. Over the following weeks SIE drafted a stipulation and negotiated over the terms with the Foley attorneys. KK Decl., Ex. 1. The Foley attorneys agreed in principle to be subject to this Court's ancillary jurisdiction regarding "the Court's inherent authority over attorneys who have appeared in the Action, including without limitation, adjudication of matters related to the rules of professional conduct and/or Federal Rule of Civil Procedure 11 ('Rule 11')." *Id.* However, the Foley attorneys would not agree to further conditions sought by SIE. On March 28, 2022, SIE requested that Foley postpone its motion to withdraw pending further case developments related to ESC and

---

[1] In the alternative, SIE respectfully requests that this Court construe this submission as a motion for leave to file a motion for reconsideration pursuant to L.R. 7-9 based on the same issues raised here.

1

DEFENDANT SONY'S MOTION FOR CLARIFICATION RE DKT. NO. 197; CASE NO. 3:21-CV-00778-EMC

ESC's counsel's (including the Foley attorneys') contacts with a former in-house counsel for SIE relating to the subject matter of ESC's claims. KK Decl. at ¶ 2. SIE further advised the Foley Attorneys that if they did not postpone their motion to withdraw that SIE would oppose it. *Id.* Foley did not respond and instead filed its motion to withdraw days later without noting SIE's opposition, while also asking this Court to waive oral argument and "promptly" grant the motion. Mot. at 23:4-7.

"The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court." *California Native Plant Soc. v. U.S. E.P.A.*, No. C 06-3604 PJH, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.1998)). Courts routinely place conditions on attorney withdrawal, including the retention of ancillary jurisdiction. *See, e.g.*, *Laux v. Mentor Worldwide LLC*, No. 216CV01026ODWAGRX, 2017 WL 11448353, at *2 (C.D. Cal. Mar. 2, 2017) ("The Ninth Circuit has held that the district court may retain jurisdiction over a withdrawing attorney to adjudicate a Rule 11 motion.") (citing *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005)). Further, "'[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *United States v. Kinetic Concepts, Inc.*, No. CV0801885BROAGRX, 2017 WL 8948062, at *4 (C.D. Cal. Aug. 21, 2017) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)).

In view of Foley & Lardner's prior representation that they did not oppose remaining subject to this Court's jurisdiction and to avoid undue prejudice to Defendant, SIE requests that Foley & Lardner's withdrawal be conditioned upon this Court's express retention of ancillary jurisdiction over each of the withdrawing attorneys for the purposes of any motion(s) brought by SIE for fees, costs, and/or other appropriate remedies or sanctions, compliance with this Court's sealing orders (Dkt. Nos. 140, 154, 160, and 163), and the Nevada Court's sealing order (*ESC Toy Ltd. v. Sony Interactive Entertainment LLC and Insomniac Games, Inc.*, Case No. 2:20-cv-00726-GMN-VC (D. Nev.) Dkt. No. 70). The Foley & Lardner attorneys should also maintain any SIE information it has had access to, as a result of its representation of ESC, as confidential and

deemed subject to the terms of the parties' October 5, 2020 confidentiality agreement for settlement discussions and the September 21, 2021 Judicate West mediation agreement, which shall survive termination of this Action.

Dated: April 7, 2022

Respectfully submitted,

RIMON, P.C.

By: /s/ *Karineh Khachatourian*
Karineh Khachatourian
Nikolaus A. Woloszczuk
Oren J. Torten

Attorneys for Defendant,
Sony Interactive Entertainment LLC