United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESC-TOY LTD.,

Plaintiff,

v.

SONY INTERACTIVE ENTERTAINMENT LLC,

Defendant.

Case No. 21-cv-00778-EMC (DMR)

**ORDER ON JOINT DISCOVERY LETTER**

Re: Dkt. No. 218

The parties filed a joint discovery letter regarding their dispute about a proposed protective order. [Docket No. 218.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

**I. DISCUSSION**

Plaintiff ESC-Toy Ltd. ("ESC") sues Defendant Sony Interactive Entertainment LLC ("SIE") for breach of oral and written contracts and related claims. The parties agree that the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets will govern discovery. *See* Model Protective Order, available at https://cand.uscourts.gov/forms/model-protective-orders/; Jt. Letter 2 n.1. The parties' dispute centers on the definition of "House Counsel." The Model Protective Order defines "House Counsel" as "attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel." Model Protective Order § 2.10. Individuals who fall under the definition of "House Counsel" may have access to information or items designated "confidential" if such disclosure "is reasonably necessary for [the] litigation" and they have signed an "Acknowledgement and Agreement to Be Bound" to the protective order. *Id*. at § 7.2(b).

SIE asks the court to enter a proposed protective order that is consistent with the Model Protective Order, with non-disputed modifications detailed in a declaration by counsel, all of which are appropriate and hereby granted. [*See* Docket No. 219 (Khachatourian Decl., May 6, 2022) ¶ 3, Ex. A.]

ESC does not oppose SIE's proposed protective order, with one exception: it asks the court to modify the definition of House Counsel to include outside counsel who are "functioning as in-house counsel":

> (a) attorneys who are current employees of a Party and who are functioning as in-house counsel to the Party or current employees of a Party who are members of the Party's legal department support staff, provided that such attorneys or support staff have neither been a previous employee of an opposing Party nor are a competitive decision maker for the Party by whom they are currently employed, and
>
> (b) attorneys who are not current employees of a Party but who, as outside counsel, are functioning as in-house counsel to the Party or current employees of such outside counsel who serve as support staff, provided that such attorneys or support staff have neither been a previous employee of an opposing Party nor are a competitive decision maker for the Party to whom they provide in-house counsel services.
>
> Following the same protocol outlined in Section 7.4 below, each Party shall disclose to the other Party the identity of each person whom they consider to be House Counsel who would be authorized to receive 'HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY' information before disclosing to such person any documents, information, or items that a Producing Party has designated as 'HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.' Any objection to such disclosure shall also be made and resolved following the protocol outlined in section 7.4 below.

Jt. Letter 2-3.

ESC argues that its proposed modification is appropriate to achieve "parity" with SIE regarding which individuals qualify as "House Counsel." *Id*. at 1. Specifically, it argues that Sony has "in-house attorneys to whom it wants to share confidential ESC information," and that ESC "likewise wants to be able to share confidential SIE information with its attorney who serves the same function as SIE's attorneys (but is not a full-time ESC employee) on the same terms as SIE's attorney employees." *Id*. ESC explains that it is a small company with only one employee who is not an attorney. It has "an experienced business attorney," Innes Smolansky, who serves as

its "outside general counsel" on an "as needed" basis. *Id*. Although Smolansky is not ESC's litigation attorney and is not counsel of record in this case, ESC argues that its proposed definition of "House Counsel" is necessary to put SIE's in-house attorneys on equal terms with ESC's outside counsel. *Id*. at 2. ESC makes no attempt to explain Smolansky's role with respect to this litigation, if any, or why ESC needs her to be able to review SIE's confidential information.

"The Northern District's model protective order is presumptively reasonable." *In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2017 WL 930317, at *3 (N.D. Cal. Mar. 9, 2017) (citing *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2014 WL 6629431, at *2 (N.D. Cal. Nov. 21, 2014)). A party seeking to deviate from the model protective order "bears [the] burden of showing the specific harm and prejudice that will result if its request is not granted." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2013 WL 5663434, at *1 (N.D. Cal. Oct. 17, 2013) (citing *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. C-11-05973 PSG, 2012 WL 1232105, at *2 (N.D. Cal. Apr. 12, 2012)).

Here, the sole basis for ESC's request to modify the definition of "House Counsel" is "parity." Jt. Letter 1-2. Parity already exists under the Model Protective Order, as both parties are barred from allowing outside corporate counsel who are not counsel of record to access the other side's confidential material. Entirely absent from ESC's portion of the joint letter is any explanation as to why its part-time outside counsel, who does not represent ESC in this litigation, needs access to SIE's confidential or highly confidential material. Accordingly, ESC has failed to satisfy its burden to show "the specific harm and prejudice that will result" if the court does not adopt its proposed definition of "House Counsel." Its motion to modify that provision in SIE's proposed protective order is therefore denied.

//

//

//

//

//

**II. CONCLUSION**

For the foregoing reasons, ESC's motion to modify the definition of "House Counsel" from the Model Protective Order is denied.

**IT IS SO ORDERED.**

Dated: May 27, 2022




Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California