UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESC-TOY LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>　　　　　　　Defendant. | Case No. 21-cv-00778-EMC (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 284 |

　　　The court has reviewed the parties' March 15, 2023 joint discovery letter regarding ESC's compliance with its January 30, 2023 order. That order partially granted SIE's motion to compel documents related to third party Shelly Gayner. [Docket Nos. 277 (Order), 284 (Jt. Letter).] SIE argues that ESC failed to comply with the Order in four ways. In addressing these four issues, the court assumes the reader's familiarity with the 24-page Order and does not repeat those rulings here.[1]

**I.　ISSUE ONE**

　　　The parties dispute whether DOCID No. 00069745 falls under the category of "drafts of the July 2019 letter and communications related to the letter" (documents highlighted in yellow on the annotated privilege logs) and thus must be produced pursuant to the Order. Jt. Letter 1; Jan. 30, 2023 Order 16-17, 24. ESC offers to submit the document for in camera review. *Id*. at 4. ESC shall lodge DOCID No. 00069745 for in camera review **by April 14, 2023**.

**II.　ISSUE TWO**

　　　SIE contends that ESC wrongfully withheld additional "communications related to the

---
[1] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

[July 2019] letter." SIE challenges ESC's position that it doesn't have to produce documents that are highlighted in orange on the annotated privilege logs because the court denied SIE's motion to compel production of the orange-highlighted entries. Jt. Letter 1; *see* Jan. 30, 2023 Order 11, 23-24. Specifically, SIE contends that ESC has not produced documents relating to a timeline that ESC provided to Gayner and that Gayner relied on in drafting the July 2019 letter. Jt. Letter 1. According to SIE, although it was aware that the timeline existed when it filed its motion to compel, it did not yet know that Gayner relied on the timeline in drafting the July 2019 letter. ESC continues to withhold 38 documents related to the timeline. *Id*. at 1-2.

In response, ESC argues that the court specifically denied SIE's motion as to entries highlighted in orange on the annotated logs. It also contends that SIE has been aware of the timeline since Gayner's deposition in June 2022. *Id*. at 4.

ESC's position is based on an overly technical reading of the Order. ESC does not dispute that Gayner relied on the timeline when she drafted the 2019 letter, and that SIE did not become aware of her reliance until recently, when it reviewed documents previously withheld by ESC. ESC must produce the "timeline" documents relied upon by Gayner. It shall also immediately re-review the entries on the privilege log that were highlighted in orange to determine whether any fall under the categories of communications the court previously ordered produced; that is, "communications related to the [July 2019] letter" and "communications about Gayner's declaration." ESC shall produce all non-privileged documents as well as an updated privilege log **by April 18, 2023**.

**III. ISSUE THREE**

ESC took the position that "communications about Gayner's declaration" are protected by the attorney-client privilege, while drafts of the declaration are protected by the work product doctrine. ESC did not argue that the communications are attorney work product. *See* Opp'n 4-5. The court ordered ESC to produce "communications about Gayner's declaration," finding that ESC had expressly disavowed the attorney-client privilege over those communications. It denied SIE's motion to compel drafts of the declaration because they are protected by the work product doctrine. Order 18-20, 24. The court did not reach the issue of whether the communications about

the declaration are protected by the attorney work product because ESC never made that argument in its opposition.[2] SIE now asserts that the court's ruling that the communications are not protected by the attorney-client privilege requires ESC to turn over comments and tracked changes/redlines embedded in the drafts of the declaration because they are "communications about Gayner's declaration" and thus fall under the Order. Jt. Letter 2. Not so. The court never reached the issue of whether the communications at issue are protected under the work product doctrine. *See* Order 19. Draft declarations include comments and tracked changes/redlines embedded in the drafts themselves. The court already ruled that draft declarations are protected as work product.

SIE also contends that the work product doctrine should be overcome because SIE has a "substantial need for the materials" and it "cannot, without undue hardship, obtain their substantial equivalent by other means." Jt. Letter 2 (quoting Fed. R. Civ. P. 26(b)(3)(A)(ii)). The court declines to consider this argument. SIE could have advanced this argument in its motion to compel but failed to do so. *See* Order 20 (noting that "SIE offer[ed] no argument to overcome the work product doctrine as to drafts of Gayner's declaration.").

## IV.     ISSUE FOUR

Finally, SIE contends that "ESC was ordered to produce hyperlink documents, which ESC does not contest are covered by the Court's order." Jt. Letter 2. SIE states that it is "working with Gayner . . . to see if they are in her possession and can be produced," but that "ESC has its own obligations." *Id*. According to SIE, ESC "created the hyperlinked documents and was 'inviting' Gayner to collaborate in them," and that if Gayner no longer has access to the documents, "ESC is obligated to produce them in whatever form." *Id*. at 3.

ESC responds that "the documents were 'live' documents (i.e., shared documents that are continually edited and updated in real-time)," and that it "cannot discern what iteration of the document was sent in each email." *Id*. at 5. It contends that it "is unable, and in any event is not required under Fed. R. Civ. P. 26, to reconstruct Gayner's 'live' documents to the state they were

---

[2] ESC asserted the attorney-client privilege and work product doctrine over this entire category of materials in its privilege log. [*See* Docket No. 245-13.]

in at the time the emails were initially sent." *Id*. ESC also takes the position that it is not obligated to restore previous versions of the documents because "no discovery requests to ESC are at issue, ESC and third party Gayner are differently situated with separate obligations/objections and, importantly, party discovery is stayed." *Id*.

The parties did not give the court sufficient information about the hyperlinked documents to rule on the dispute. Nor is it ripe for decision, since it is not clear that SIE cannot obtain the documents from Gayner and the parties disagree about whether any missing documents can be recovered. Accordingly, the parties shall meet and confer about this issue. If disputes remain, the parties shall file a joint letter in accordance with the court's Standing Order **by April 25, 2023**.

This order terminates Docket No. 284.

**IT IS SO ORDERED.**

Dated: April 11, 2023



_____
Judge Donna M. Ryu
Chief Magistrate Judge

4