1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ESC-TOY LTD.,                              Case No.  21-cv-00778-EMC

8                    Plaintiff,

9          v.                                   **ORDER ON REVISING**
                                                **ADMINISTRATIVE MOTIONS TO**
10   SONY INTERACTIVE                           **FILE UNDER SEAL**
     ENTERTAINMENT LLC,
11
                     Defendant.
12

13        The parties have filed several administrative motions to file under seal.  *See* Docket Nos.

14   315, 320, 336.  In general, the parties' proposals are far too broad.  *See* L.R 79-5(f)(6) ("overly

15   broad requests to seal may result in the denial of the motion").

16        Motions for an order concerning administrative relief "must set forth specifically … the

17   reasons supporting the motion."  L.R. 7-11(a).  Pursuant to the local rules, a motion to file under

18   seal must include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping

19   a document under seal, including an explanation of: (i) the legitimate private or public interests

20   that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less

21   restrictive alternative to sealing is not sufficient."  L.R. 79-5(c) (emphasis in original).  For

22   dispositive motions and judicial records attached to a dispositive motion (including an opposition

23   to a dispositive motion, *see* Docket No. 320 at 1), a party seeking to seal a document "must

24   'articulate *compelling* reasons supported by specific factual findings" to warrant redacting.

25   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (emphasis

26   added).[1]  Information may be sealed only if it represents confidential "business information that

27

28   _____
     [1] For non-dispositive motions there is a "good cause" standard.  *Kamakana*, 447 F.3d at 1180.

might harm a litigant's competitive standing" or a "trade secret[]." *In re Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008). However, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.

Here, for example, Sony moved to seal fourteen entire exhibits to its motion to disqualify. *See* Docket No. 315; *see also* L.R. 79-5(a) ("A party must … minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)"). Redactions must be "narrowly tailored." *Id*. Sony provided only general reasons for sealing these exhibits, some of which include key depositions and internal emails. As for Docket No. 320, ESC provisionally filed its opposition to Sony's motion to disqualify along with an administrative motion to file under seal. ESC only sought to seal portions of Docket No. 320 because the information "reveal[s] information that has been designated by Sony as "Confidential" or "Attorneys' Eyes Only" under the Protective Order in this case." Docket No. 320 at 2. Indeed, Docket No. 320 contains Ms. Gayner's deposition transcript and a letter between Sony and ESC regarding Ms. Gayner's involvement in this case, which ESC's counsel is no longer privy to pursuant to the Court's Protective Order. *See* Docket No. 342. These proposed redactions are not narrowly tailored.

Because of the unusual circumstance in this case in which ESC's counsel may no longer view portions of Ms. Gayner's documents, the Court orders that Sony propose which portions of these documents need to be filed under seal in light of the Court's Protective Order as well as Sony's confidential business information regarding its licensing practices and business strategies. This course of events is workable because ESC does not claim that the information it sought to seal contained its own confidential information. Sony should take note that the fact that Ms. Gayner was privy to insider information does not need to be sealed, but Ms. Gayner's specific discussions of the way Sony would interpret its licensing contracts may be sealed. Sony is directed to Docket No. 368, the Order Disqualifying Maschoff Brennan with redactions, in which the Court itself made redactions, exemplifying what should be sealed or unsealed.

Thus, for Docket Nos. 315, 320, and 336, Sony must submit their compliant administrative

United States District Court
Northern District of California

motions to file under seal by **Friday, June 7, 2024**.  Sony must narrow its requests for redactions and provide declarations establishing why each redaction is within the meaning of the local rule. Failure to comply with this order may result in complete denial of the motion.

      **IT IS SO ORDERED**.

Dated: May 31, 2024

_____
EDWARD M. CHEN
United States District Judge