UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESC-TOY LTD.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>        Defendants. | Case No.  21-cv-00778-EMC<br><br>**ORDER ON THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Docket Nos. 301, 315, 320, 336, 338, 341, 376, 377, and 378 |

The parties had filed several administrative motions to file under seal. *See* Docket Nos. 315, 320, and 336. The Court ordered the parties to re-file their administrative motions to file under seal, narrowing and clarifying their requests pursuant to L.R. 79-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). *See* Docket No. 186. Because these filings pertain to Defendant's Motion to Disqualify Plaintiffs' counsel, Maschoff Brennan, which is a non-dispositive motion, the sealing requests only need to meet the "good cause" standard.

In this instance, this case presents an unusual circumstance in which ESC-Toy's ("ESC") counsel may no longer view portions of Ms. Gayner's documents pursuant to the Protective Order. *See* Docket No. 369. As such, the Court ordered that Sony Interactive Entertainment ("Sony") propose which portions of these documents need to be filed under seal in light of the Court's Protective Order as well as Sony's confidential business information regarding its licensing practices and business strategies. *See* Docket No. 186 at 2.

ESC's new counsel, Call & Jensen, filed several oppositions to Sony's new administrative motions, requesting that the Court order that SIE provide ESC with an unredacted copy of the sealed documents, so ESC's counsel could determine whether any portion of the documents should remain sealed according to ESC's interests. Docket Nos. 380, 381, 382.

1  The Court must first determine which documents must be produced to Call & Jensen.
2 There are several documents that must be withheld from Call & Jensen's review because they
3 contain privileged information which Sony's former counsel improperly shared with ESC's former
4 counsel (who were subsequently disqualified from this case as a result).  However, there are
5 several documents that should be shared with Call & Jensen because they are not tainted by the
6 prior inappropriate disclosure.
7  The Court's ruling on the documents is set forth below.

| Document | Identification of Portions to be Sealed | Granted/Denied (denial means that the documents shall be sent to ESC, but otherwise will still be sealed from the public) |
|---|---|---|
| SIE's Motion to Disqualify Maschoff Brennan, Docket No. 315. | 6:1-2<br>11:19-20<br>17:11-14 | Grant |
| SIE's Motion to Disqualify Maschoff Brennan, Docket No. 315. | 2:2-4<br>3:19-21, 23-27<br>4:1-2, 6-8, 13-14, 21-23<br>5:8-10, 15, 21-22<br>6:6-10<br>11:1-7, 11-18, 21<br>18:1-5, 22-24<br>20:17-19, 26-27 | Deny |
| Docket No. 315, Ex. 1 | 32, 34, 35, 39, 40 | Deny |
| Docket No. 315, Ex. 6 | 116-117, 119, 128-129, 148-149, 181, 194-196, 202, 215-216, 233, 236, 238, 245-247, 249-253, 260 | Grant |
| Docket No. 315, Ex 11 | 369:23-25<br>370:4-6 | Grant |
| Docket No. 315, Ex. 11 | 296:5, 8-9, 12-13, 18-19, 22-25<br>298:20-299:3<br>299:5- 6<br>300:1-4, 6, 8, 10-20<br>301:1-3, 8-9<br>313:15-23<br>314:1, 13-14, 18-19, 24-25<br>348:13-15, 18-20, 22-25<br>349:3-4, 6-7, 9-10, 12-13, 15, | Deny |

| | 17-18, 20-21, 23-25<br>369:4-5, 8-10, 13-14, 16-17, 20<br>370:1, 3-9, 11-12, 14-15<br>389:1-6, 11-18, 20-21, 25 | |
|---|---|---|
| Docket No. 315, Exs. 3, 13, 17, 19, 22, 23, 28 | Sealed in its entirety. | Grant |
| Docket No. 315, Exs. 4, 9, 12, 16 | Sealed in its entirety | Deny |
| Oppn to Motion to Disqualify, Docket No. 320 | 4:26-5:2 | Grant |
| Docket No. 320, Ex. A | 118-125, 162-65, 230-37, 250-53, and 258-61 | Grant |
| Proposed Protective Order, Docket No. 336 | Sealed in its entirety. | Deny |

In addition, the following administrative motions to file under seal are denied: Docket Nos. 301, 338, and 341.

As to those documents ordered to be disclosed to Call & Jensen, the parties will have one week upon receipt to meet and confer and report to the Court in a joint letter stating which documents, if any, should be filed under seal and withheld from public disclosure. The letter shall list those documents to be filed under seal and those not to be filed under seal. The parties shall also list any documents upon which the parties disagree.

//

This Order disposes of Docket Nos. 301, 315, 320, 336, 338, 341, 376, 377, and 378.

**IT IS SO ORDERED**.

Dated: June 25, 2024

_____
EDWARD M. CHEN
United States District Judge

3