UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESC-TOY LTD., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Defendant. | Case No. 3:21-cv-00778-EMC-DMR<br><br>**ORDER OF SPECIAL MASTER APPOINTMENT**<br><br>The Hon. Edward M. Chen<br>The Hon. Magistrate Judge Donna M. Ryu |

# ORDER

Having considered the Joint Letter filed by the Parties, and any supporting declarations and exhibits, and pursuant to Federal Rule of Civil Procedure 53, IT IS SO ORDERED:

1. Hon. Tani G. Cantil-Sakauye (Ret.) is appointed as Special Master, subject to her submission of an affidavit pursuant to Federal Rule of Civil Procedure 53(b)(3)(A). Within five days of the Court entering this Order, Chief Justice Cantil-Sakauye shall file such affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

2. The Special Master shall proceed with all reasonable diligence to perform her duties set forth in this Order. The Special Master's duties are limited to: (a) reviewing relevant materials of the case docket as described in paragraph 4; (b) receiving, from third-party Michael Garlie, Head of E-Discovery and Forensic Technology of Grobstein Teeple, documents (including all attachments, embedded documents, family members, and hyperlinked documents, or any internally referenced documents the Special Master deems necessary for review) (the "Gayner Documents") provided by ESC and/or Shelly Gayner that are reflected in the privilege log entries identified in ESC's privilege logs (Dkt. Nos. 245-13 and 245-14) (the "Privilege Logs") as described in paragraph 6; (c) reviewing the Gayner Documents and comparing them to the Privilege Logs to determine whether they have all been provided; (d) validating Mr. Garlie's list of any documents, attachments, embedded documents, family members, hyperlinked documents or any internally referenced documents that ESC has not provided from Dkt. No. 245-13 or that Ms. Gayner has not provided from Dkt. No. 245-14, in the relevant time range ("Preliminary Omitted Documents List"), (e) filing a final Omitted Documents List (the "Final Omitted Documents List") with the Court pursuant to paragraph 7; (f) evaluating *in camera*, as further described in paragraph 8, whether the Gayner Documents show that Shelly Gayner "advised ESC on negotiations regarding the parties' Exclusive Vendor Agreement ("EVA")," whether "Ms. Gayner provided ESC with a material transactional advantage in negotiating the EVA," and/or whether there is a presumption of transactional taint based on a significant volume of missing documents, or the presence of missing material documents, as reflected on the Final Omitted Documents List (the

1  "Determination"); (g) providing written status reports to the Court as stated in paragraph 12; and
2  (h) filing a written statement (the "Final Written Statement") with the Court stating the Special
3  Master's Determination, pursuant to paragraph 10. For any documents requiring filing on the case
4  docket pursuant to this Order, the Special Master may either file, or direct ESC to file, such
5  documents on the case docket.

6      3.      The Special Master shall abide by the disqualification Protective Order (Dkt. No.
7  369) (the "DQ Protective Order") and the previously entered Protective Order (Dkt. No. 226), and
8  sign Exhibit A to Dkt. No. 226.

9      4.      The Special Master shall first review the case docket, including at least the
10 pleadings (Dkt. Nos. 1, 172); the Motion to Strike briefing (Dkt. Nos. 26, 42, 50); the Motion to
11 Disqualify briefing (Dkt. Nos. 315-4, 320-3, 324), October 19, 2023 hearing transcript (Dkt. No.
12 334), and disqualification order (Dkt. No. 335); the DQ Protective Order; the October 8, 2024
13 hearing transcript (Dkt. No. 403); the Issue Preclusion Sanctions briefing (Dkt. Nos. 406-4, 414)
14 and demonstrative (Dkt. No. 417); the Declaration of Erick Chatel, in Support of Brief re Issue
15 Sanctions Against ESC Per Dkt. (Dkt. 414-1); the November 4, 2024 hearing transcript (Dkt. No.
16 420); ESC's Statement re Limited Waiver of Attorney-Client Communications and SIE's
17 Response (Dkt. Nos. 421, 423); and the Governing Order. SIE shall provide the above-identified
18 documents (along with any relevant declarations, exhibits, and attachments), unredacted, solely to
19 the Special Master for review within three days of the Special Master's appointment. For the
20 avoidance of doubt, counsel for ESC may not review or otherwise access the unredacted versions
21 of the above-identified documents.

22      5.      Upon receiving access to the Gayner Documents on the Reveal database from Mr.
23 Garlie, if the Special Master believes additional administrative assistance is necessary to assist in
24 her review of the Gayner Documents, the Special Master shall provide notice to the parties and
25 designate such person, who shall be bound according to paragraph 3. The Special Master alone,
26 however, shall review the Gayner Documents to carry out her responsibilities as set forth in this
27 Order.

28      6.      Within 30 days of receiving the Gayner Documents from Mr. Garlie, after his

1  completion of duties pursuant to Attachment A, the Special Master shall compare the Gayner
2  Documents against the Privilege Logs and ensure that she has received all documents identified in
3  both Privilege Logs with a "Doc Date" between May 1, 2017 and June 30, 2018, inclusive (the
4  "Relevant Range"). For the avoidance of doubt, this shall include all communications bearing a
5  date range in the "Doc Date" field that includes any date in the Relevant Range, whether or not the
6  initial and/or terminal date in that Doc Date field also falls during the Relevant Range. For
7  example, if an email thread begins on January 2, 2018, and ends on July 2, 2018, any emails
8  contained in the thread that bear any date after June 30, 2018, including but not limited to the
9  terminal email dated July 2, 2018, shall be included. Furthermore, the Special Master shall have
10 the discretion to decide if it is necessary for her Determination to review any additional documents
11 from outside the Relevant Range, and request that Mr. Garlie obtain such documents.

12         7.      The Special Master shall review the Preliminary Omitted Document List provided
13 by Mr. Garlie to ensure it accurately identifies any documents appearing on the Privilege Logs in
14 the Relevant Range that have not been provided. The Special Master shall revise the Preliminary
15 Omitted Document List as necessary to include any documents, and only those documents, that
16 are missing from the provided Gayner Documents, and create the Final Omitted Document List.
17 The Special Master shall then file the Final Omitted Document List with the Court.

18         8.      Within 30 days of filing the Final Omitted Documents List, the Special Master
19 shall review *in camera* the Gayner Documents (including all attachments, embedded documents,
20 family members, and hyperlinked documents, or any internally referenced documents the Special
21 Master deems necessary for review) and make her Determination in accordance with the Court's
22 guidance pursuant to the Governing Order.

23         9.      If, during the review, the Special Master has questions about the significance or
24 meaning of any information reflected in the record or in the Gayner Documents, she shall submit
25 any questions via email jointly to SIE's and ESC's counsel without disclosing the substance of any
26 of the Gayner Documents, who shall provide any responses within 48 hours. In the event the
27 Special Master has a question that relates to information that, under the DQ Order (Dkt. No. 368)
28 or the DQ Protective Order (Dkt. No. 369) ESC's counsel of record may not view, the Special

1  Master shall notify the parties and the Court of what information she seeks, without disclosing
2  privileged information, and request further guidance on how to proceed. The parties' counsel will
3  meet and confer to discuss how to proceed, using best efforts to do so within two (2) business
4  days, and then advise the Court by joint letter whether they have agreed on how to proceed or
5  what each party's respective position is.

6        10.     Upon making her Determination, without revealing information that ESC's counsel
7  of record may not access under the DQ Protective Order, the Special Master shall first send via
8  email to counsel for ESC and SIE, a draft written opinion providing a complete record of her
9  findings of fact on the basis of the evidence reviewed *in camera*, and any necessary conclusions of
10 law, including: (i) whether Ms. Gayner "advised ESC on negotiations regarding the parties'
11 Exclusive Vendor Agreement"; (ii) whether "Ms. Gayner provided ESC with confidential or
12 privileged SIE material or information in connection with the parties' negotiations regarding the
13 Exclusive Vendor Agreement, and (iii) whether such confidential or privileged SIE material or
14 information, if any, gave ESC a material transactional advantage in negotiating the EVA"; and/or
15 (iv) whether there is a presumption of transactional taint based on a significant volume of missing
16 documents, or the presence of missing material documents. In this statement, the Special Master
17 shall identify each document by Doc ID number that she believes meets the Court's criteria set
18 forth in the Governing Order. To the extent ESC or SIE have comments (*e.g.* to request
19 corrections), questions or objections, or believes any material in the draft written statement
20 requires sealing, they must respond to the Special Master within five business days. After the time
21 period for comments and questions has passed, or after the Special Master has resolved the
22 comments and questions (whichever is later), the Special Master shall file the Final Written
23 Statement with the Court, ensuring that the Final Written Statement includes full and complete
24 findings of fact and conclusions of law. In filing the Final Written Statement, the Special Master
25 shall take all available measures to protect the Parties' confidential information, including filing
26 under seal pursuant to the Court's procedures, including Civil Local Rule 79-5, as necessary. ESC
27 and SIE each consent to the Special Master making her findings without providing either Party or
28 their counsel an opportunity to review the Gayner Documents. Upon filing of the Final Written

Statement under seal, ESC and SIE shall have seven days to file a statement or declaration pursuant to Civil Local Rule 79-5(f)(3), if either party believes any material in the Final Written Statement should be sealed. SIE reserves its right to challenge as waived any material that ESC asserts is ESC privileged information. The Parties shall further have the opportunity to file written objections to the Special Master's Final Written Statement, and will proceed pursuant to the procedures set forth in Federal Rule of Civil Procedure 72(b)(2) and (3).

11. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master shall preserve the record by maintaining all files submitted by the Parties, including the Gayner Documents and any written orders, findings, and/or recommendations, in her possession until final disposition of this litigation, and any appeals thereof.

12. Within 30 days of appointment, and every 30 days thereafter until the Final Written Statement is filed with the Court pursuant to paragraph 10, the Special Master shall provide a brief written status report to the Court, with notice via email to the Parties.

13. Upon a finding of good cause, the Special Master may by order of the Court or Special Master, alter the deadlines and times set out in this Order or extend the time for any Party, or for the Special Master, to act.

14. The Special Master shall not communicate with the Court on substantive matters except in writing with service upon the Parties or in the presence of the Parties.

15. Compensation shall be paid to the Special Master at her normal hourly rate. The Parties agree to equally split (50/50) the Special Master's costs.

16. By participating in this process, SIE does not waive its right to challenge ESC's privilege assertions over the Gayner Documents.

**IT IS SO ORDERED.**

Dated: February 11, 2025   By: _____
The Honorable Edward M. Chen
United State District Judge